No. 3302

Second Circuit

YOUNG v. SPATZIES HOT SHOP ET AL.

(July 5, 1930. Opinion and Decree.)

Lyons & Prentiss, of Shreveport, attorneys for plaintiff, appellee.

Cook & Cook, of Shreveport, attorneys for defendants, appellants.

ODOM, J. Plaintiff brought the present suit against Spatzies Hot Shop, a commercial partnership, composed of Arthur K. Spatz and Francis Spatz, to recover the sum of $375.69 for repairs made to a certain commercial building in the city of Shreveport, which was owned, at the time the repairs were made, by James M. Huckaby and Mrs. Louella C. McCree. The suit was brought against the above-named commercial partnership and against the owners of the building, but it seems that the building passed out of the hands of Mr. Huckaby and Mrs. McCree by foreclosure proceedings, and, for that reason, the latter dropped out of the suit.

Plaintiff alleged that he made a contract for the repairs with the members of the commercial partnership. The defense which they make is that they were tenants and did not contract for the repairs and never at any time agreed to pay for them.

There was judgment in the district court in favor of plaintiff and against the commercial partnership and its members in solido, and they have appealed.    ....

The fact that plaintiff made the repairs to the building, and that the bill which he rendered is correct, is not disputed. The only question before the court is one of fact, to-wit: Did the defendants employ the plaintiff to do the work?

The testimony clearly shows that the members of the above partnership employed plaintiff to do the work and agreed to pay him. The plaintiff testified positively on this point, and the owners of the building, Mr. Huckaby and Mrs. McCree, corroborated his testimony. The two defendants, Arthur and Francis Spatz, both testified that they did not authorize the work and were in no sense responsible to plaintiff for the amount claimed. However, the testimony of Arthur Spatz, one of the commercial partners, taken as a whole, indicates very strongly that he recognized the obligation of his firm to pay the price for the work. While he testified that his firm did not agree to pay the bill, yet, while on the witness stand in his own behalf, he was asked to relate all the circumstances in connection with the matter and stated that, after the work was done, plaintiff came to his place of business and presented the bill. He stated that at the time his brother, Francis Spatz, was in Little Rock, and that he told plaintiff he would have to telephone his brother at Little Rock about what should be done with reference to the payment of the bill. Speaking of the plaintiff, Arthur Spatz said:

"Then later on he kept coming back about every other day for a week. I said, 'Well, I haven't got any money for that, Mr. Young.' I said, 'I am needing all my money for this business here but I will call my brother tonight and get it settled,' and he said all right."

From this, it does not seem that he disputed the firm's liability on the claim.

Counsel for defendants in their brief state that it appears that there was a conspiracy between plaintiff and the owners of the building to shift liability to these defendants, and, further, that the owners of the building had an interest in testifying that the members of the commercial firm had not only employed plaintiff to do the work, but agreed to pay him. As to whether these witnesses or any others are unworthy of belief, we cannot say. The trial judge, before whom they testified, and who probably knew them personally, was in better position than we are to pass upon their veracity. He evidently considered plaintiff's witnesses worthy of belief, otherwise he would not have rendered the judgment he did. However, aside from the question of the veracity of the witnesses, we think that portion of defendants' testimony above quoted clearly shows that they recognized, or at least did not originally dispute, liability.

Mrs. McCree testified that she at one time agreed with the Spatz brothers, or one of them, that she would pay a portion of the bill, amounting to something like $93, for the plumbing in the building, and counsel suggest that the partnership and its members should not be held for that item. But the testimony clearly shows that the partnership is liable to plaintiff for the entire amount of the bill, as they contracted to have the work done. If Mrs. McCree agreed with defendant that she would pay a portion of the bill, that is a matter to be settled between them. Plaintiff has nothing to do with that.

We find no error in the judgment, and it is accordingly affirmed, with costs in both courts.